

**ORDERED in the Southern District of Florida on June 3, 2026.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                     Case No. 26-16855-RAM

MOTORO CARS III, LLC,                        Chapter 11

     Debtor.
_____/

### ORDER DENYING MOTION TO DECLARE STAY INAPPLICABLE AND SETTING PRELIMINARY HEARING AND RESPONSE DEADLINE ON MOTION TO DISMISS

The Court has reviewed the Emergency Motion to Declare Automatic Stay Inapplicable to Commercial Lease Eviction Where the Lease Expired Prepetition (May 25, 2026) Upon Entry of Final Judgement of Possession and to Dismiss Bad Faith Bankruptcy Filing [DE# 10] (the "Motion") filed by 2865 Investment, LLC (the "Landlord"). In the Motion, the Landlord seeks a declaration that the automatic stay is inapplicable to its commercial lease with Motoro Cars III, LLC (the "Debtor") because the Landlord obtained a judgment of eviction on May 25, 2026, two days before the Debtor filed this chapter 11 case on May 27, 2026. The Motion also seeks dismissal of this case as a bad faith filing.

1

For the following reasons, the Court finds that the lease is unexpired and the automatic stay is applicable.  The Court also finds it appropriate to set a preliminary hearing on the request for dismissal and to require the Debtor to file a response to the Landlord's argument that this chapter 11 case was filed in bad faith.

## Factual and Procedural Background

The Debtor is occupying property located at 8354 SW 40th Street, Miami, Florida 33155 pursuant to a lease with the Landlord.  On March 23, 2026, the Landlord filed a Complaint of Commercial Eviction pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2026-042839-CC-20 (the "Eviction Action").  Copies of the Complaint and lease are attached as Exhibit B to the Motion [DE# 10-2].

On May 25, 2026, in the Eviction Action, the Florida state court entered a Final Judgment for Commercial Eviction, a copy of which is attached as Exhibit C to the Motion [DE# 10-3] (the "Eviction Judgment").  The Eviction Judgment included the statements "for which let Writ of Possession issue" and "for which let execution issue." Eviction Judgment at ¶¶ 1-2.  But there is nothing in the record to indicate that a writ of possession was served prior to the filing of this chapter 11 case on May 27, 2026.

## Discussion

The Landlord relies heavily on this Court's opinion in *In re Key Largo Watersports, Inc.*, 377 B.R. 738 (Bankr. S.D. Fla. 2007).  In that opinion, I concluded that a pre-petition judgment of eviction extinguishes a debtor's right of possession and, therefore, the lease is not unexpired and subject to assumption.  *Id.* at 740.  Citing a trial court's prior authority is usually persuasive but in this instance it is not.  That's because my conclusion was wrong.

I've said it many times in the years since I published *Key Largo Watersports.*  Unfortunately, I never issued a published opinion acknowledging my error.  This opinion does.

The correct view is found in several cases, including *In re 2408 W. Kennedy, LLC*, 512 B.R. 708 (Bankr. M.D. Fla. 2014).  In that case, a commercial tenant filed its chapter 11 petition after entry of a judgment for possession but before the sheriff executed the writ.  *Id*. at 711.  Bankruptcy Judge Williamson referenced but disagreed with my conclusion in *Key Largo Watersports* that a judgment of eviction terminates the debtor's right to possession and precludes a debtor from curing and assuming a lease.  *Id*. at 713.  Instead, the Court denied the landlord's motion for stay relief finding that "the eviction process is not complete under [Florida] state law until the tenant is dispossessed from the property."  *Id.*

Several later cases have reached the same correct conclusion.  *See Sunset Opportunities B2, LLC v. A&E Adventures LLC (In re A&E Adventures, LLC)*, No. 21-cv-24432-GAYLES, 2023 U.S. Dist. LEXIS 55429 (S.D. Fla. Mar. 30, 2023); *In re Jerusalem Rest.*, No. 6:18-bk-01065-CCJ, 2018 Bankr. LEXIS 4279 (Bankr. M.D. Fla. July 12, 2018); *In re PetitUSA, LLC*, No. 16-10305-LMI, 2016 Bankr. LEXIS 4570 at *7 (Bankr. S.D. Fla. Apr. 5, 2016) ("Entry of a judgment for possession or issuance of a writ of possession – without more – does not terminate a lease or otherwise preclude a debtor from assuming a lease under § 365") (quoting *In re 2408 W. Kennedy, LLC*, 512 B.R. at 713).

Applying this correct view to the facts here, the Court rejects the Landlord's argument that the lease was terminated.  However, that doesn't fully dispose of the Motion.  The argument that this case was filed in bad faith should be dismissed remains.  Accordingly, the Court **ORDERS** as follows:

1.     The Motion is denied to the extent it seeks a finding that the subject lease was terminated by the prepetition Eviction Judgment.

3

2.      The Court will conduct a preliminary hearing on the request in the Motion to dismiss this case on **June 25, 2026** at **11:00 a.m.** by video conference using the services of Zoom Video Communications, Inc.  For instructions regarding the video conference, please refer to the General Procedures for Hearings By Video Conference on Judge Mark's web page on the Court's website, https://www.flsb.uscourts.gov/judges/judge-robert-mark.

3.      To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing.  To register for the video conference, click on the following link or manually enter the following link in a browser:

https://www.zoomgov.com/meeting/register/vJIsduqrrTIsGwLENmZWZhscEHry3et9jXQ

4.      The Debtor must file a response to the request for dismissal by June 15, 2026.

5.      The Landlord may file a reply in support of its request for dismissal by June 22, 2026.

###

Copies to:

Allan S. Reiss, Esq.
Rafael Recalde, Esq.
Carol Lynn Fox, Subchapter V Trustee
Office of the U.S. Trustee